UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UMAR SHAHID,

        Plaintiff,

   v.

I. ALDAZ et al.,

        Defendants.

No. 2:14-cv-0454 DAD P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint.

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant

holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S AMENDED COMPLAINT AND RELATED FILINGS**

In his second amended complaint, plaintiff identifies Aldez, Williams, Rodriguez, Foulk, and Barnes as the defendants. All of the named defendants appear to be employed at High Desert State Prison. Plaintiff alleges that prison officials have refused to process his marriage application and continue to harass and retaliate against him and his fiancée for lodging complaints against staff for their misconduct. (Am. Compl. at 3-4.)

In addition to his amended complaint, plaintiff has filed a letter addressed to the Clerk of the Court as well as a motion to amend his complaint/motion for preliminary injunctive relief. In these documents, plaintiff expresses that he would like to add retaliation claims to his complaint and describes incidents where prison officials have threatened him and his safety. Therein, plaintiff also requests preliminary injunctive relief. (Pl.'s Letter at 1 & Pl.'s Mots. at 1-3.)

**DISCUSSION**

The allegations in plaintiff's amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The amended complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), the amended complaint must be dismissed. In the interests of justice, however, the court will grant plaintiff's motion to amend and authorize him thirty days leave to file a second amended complaint.

In any second amended complaint plaintiff elects to file, he must identify each defendant by name and state therein all of the claims that he seeks to bring in this action. For example, if plaintiff wishes to pursue right-to-marry and retaliation claims against defendants, he should include both such claims in his second amended complaint. The court will not allow the piecemeal filing of supplemental letters, motions, and complaints in this action. See Local Rule 15-220.

Turning now to plaintiff's constitutional claims, as to any right-to-marry claim, plaintiff is advised that "[w]hile the basic right to marry survives imprisonment, most of the attributes of marriage – cohabitation, physical intimacy, and bearing and raising children – do not." Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002). In this regard, institutional confinement supersedes many aspects of marriage because "incarceration is inconsistent with the vast majority of concomitants to marriage, privacy, and personal intimacy." Id. Thus, it is well established that prisoners have no constitutional right to contact or conjugal visits. Id.

Insofar as plaintiff believes defendants are denying him the basic right to marry, he will need to identify in his amended complaint which of the named defendants have been involved in the alleged deprivation and allege facts explaining how their actions rose to the level of a constitutional violation. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

As to plaintiff's retaliation claim, he is advised that both litigation in this court and filing administrative grievances are protected activities, and it is impermissible for prison officials to retaliate against prisoners for engaging in these activities. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). As the Ninth Circuit has explained:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3)

> that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes, 408 F.3d at 567-68.

Here, plaintiff's amended complaint does not contain specific allegations against defendants to support a retaliation claim. Moreover, although plaintiff has filed additional documents with the court in which he describes how "prison guards" or "prison officials" retaliated against him, he has not identified any of those "prison guards" or "prison officials" by name. In his second amended complaint, plaintiff must identify who has retaliated against him and allege facts explaining what retaliatory conduct they purportedly engaged in against him. Moreover, plaintiff is cautioned that not every allegedly adverse action is sufficient to support a claim for retaliation. See, e.g., Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this."). To support any retaliation claim, plaintiff should allege why he believes any specific defendant's actions were motivated by, or because of, plaintiff's engagement in protected conduct such as filing administrative grievances.

Plaintiff is informed that the court cannot refer to prior pleadings in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the prior pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, for the reasons discussed above, the court will deny plaintiff's motion for preliminary injunctive relief. "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008)). Here, plaintiff's

5

vague and conclusory allegations do not state a retaliation claim and fall short of making the showing required for the granting of preliminary injunctive relief. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).[1]

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (Doc. No. 10) is dismissed;

2. Plaintiff's motion to amend (Doc. No. 12) is granted. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in dismissal of this action without prejudice;

3. Plaintiff's motion for preliminary injunctive relief (Doc. No. 12) is denied without prejudice; and

4. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

**Dated: July 10, 2014**

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
shah0454.14am

---

[1] Plaintiff's motion also does not comply with Local Rule 231, which requires that a motion for preliminary injunctive relief be accompanied by: (1) a declaration signed under penalty of perjury on the question of irreparable injury; (2) a memorandum of points and authorities addressing all legal issues raised by the motion; and (3) evidence of notice to all persons who would be affected by the order sought.

6