UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMAR SHAHID, | No. 2:14-cv-0454 DAD P |
| Plaintiff, | |
| v. | ORDER |
| I. ALDAZ, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for a preliminary injunctive relief.

**BACKGROUND**

Plaintiff is proceeding on a second amended complaint against defendants Rodriguez and Thompson. At screening, the court found that plaintiff's complaint appeared to state a cognizable claim for relief against defendant Rodriguez for allegedly interfering with plaintiff's right to marry. (Doc. No. 15) The court also found that plaintiff's complaint appeared to state a cognizable claim for relief against defendant Thompson for retaliation. (Id.) The court ordered service of plaintiff's complaint on defendants, and defendants have since filed an answer to the complaint. (Doc. Nos. 17 & 20) On December 15, 2014, the court issued a discovery and scheduling order in this matter. (Doc. No. 21)

**DISCUSSION**

In the pending motion for preliminary injunctive relief, plaintiff contends that three investigative service unit officers confiscated his legal work pertaining to this lawsuit without explanation. Plaintiff seeks a court order requiring that he be transferred to a different institution. (Pl.'s Mot. for Prelim. Inj. at 2-4.)

The court will deny plaintiff's motion without prejudice. As an initial matter, plaintiff's motion does not comply with Local Rule 231, which requires that a motion for preliminary injunctive relief be accompanied by: (1) a declaration signed under penalty of perjury on the question of irreparable injury; (2) a memorandum of points and authorities addressing all legal issues raised by the motion; and (3) evidence of notice to all persons who would be affected by the order sought. See Local Rule 231(d).

Moreover, plaintiff's allegations are against three non-party investigative service unit officers. In addition, plaintiff seeks a court order, presumably against his warden or the California Department of Corrections and Rehabilitation, transferring him to a different institution. Plaintiff is advised that this court is unable to issue an order against any entity or individual who is not a party to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, 395 U.S. 100, 112 (1969); Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Finally, "[t]he proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008)). Here, plaintiff's allegations concerning the confiscation of his property are vague and conclusory and fail to state a claim for relief for loss of property, denial of access to the courts, or retaliation. In this regard, plaintiff's motion also falls short of making the showing required for the granting of preliminary

injunctive relief.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Accordingly, the court will deny plaintiff's motion for preliminary injunctive relief.[1]

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for preliminary injunctive relief (Doc. No. 23) is denied without prejudice.

Dated:  March 17, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
shah0454.pid

---

[1] If plaintiff is still without his legal property, he should first seek relief through the administrative grievance process at his institution of incarceration.  See Cal. Code Regs. tit. 15, § 3084.1(a) (prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare.").