1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UMAR SHAHID,                              No.  2:14-cv-0454 KJN P (TEMP)

12              Plaintiff,

13         v.                                  ORDER AND

14   I. ALDAZ et al.,                          FINDINGS AND RECOMMENDATIONS

15              Defendants.

16

17         Plaintiff is a state prisoner, proceeding pro se, with a civil rights action seeking relief

18   under 42 U.S.C. § 1983.  Pending before the court is a motion for summary judgment filed on

19   behalf of defendants Rodriguez and Thompson based on plaintiff's alleged failure to exhaust his

20   administrative remedies prior to filing suit as required.  Plaintiff filed an opposition to the motion,

21   and defendants filed a reply.

22                                  **BACKGROUND**

23         Plaintiff is proceeding on a second amended complaint against defendants Rodriguez and

24   Thompson.  At screening, then-Magistrate Judge Dale A. Drozd found that plaintiff's complaint

25   appeared to state a cognizable claim against defendant Rodriguez for his alleged interference with

26   plaintiff's right to marry.  In addition, Judge Drozd found that plaintiff's complaint appeared to

27   state a cognizable claim against defendant Thompson for retaliation.  (Doc. No. 15)  The court

28   then ordered service of plaintiff's complaint on defendants.  (Doc. No. 17)  On December 8,

                                          1

1 | 2014, defendants filed an answer to the complaint.  (Doc. No. 20)  On May 26, 2015, defendants

2 | filed the pending motion for summary judgment.  (Doc. No. 26)

## THE EXHAUSTION REQUIREMENT

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures.  See Booth v. Churner, 532 U.S. 731, 741 (2001).  The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement.  See id. at 741 n.6.  Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal.  See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).  "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [ ] - rules that are defined not by the PLRA, but by the prison grievance process itself."  Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88).  See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'").

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  Most appeals progress through three levels of review.  See id. § 3084.7.  The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation and exhausts a prisoner's administrative remedies.  See id. § 3084.7(d)(3).  A

California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

A court may excuse a prisoner from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively rendered unavailable to him. See Albino v. Baca, 747 F.3d 1162, 1172-73 (9th Cir. 2014). For example, where prison officials improperly screen out inmate grievances, they can render administrative remedies effectively unavailable. See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010). In such a case, "the inmate cannot pursue the necessary sequence of appeals . . . ." Id. See also Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010) (excusing an inmate's failure to exhaust because he was precluded from exhausting his administrative remedies by a warden's mistaken instruction to him that a particular unavailable document was needed for him to pursue his inmate appeal); Marella, 568 F.3d 1024 (excusing an inmate's failure to exhaust because he did not have access to the necessary grievance forms to timely file his grievance).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that defendants must plead and prove. See Jones, 549 U.S. at 216 ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Albino, 747 F.3d at 1168. A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6) "[i]n the rare event" that a prisoner's failure to exhaust is clear on the face of the complaint. Albino, 747 F.3d at 1168 & 1169. More typically, defendants are required to move for summary judgment under Federal Rule of Civil Procedure 56 and produce probative evidence that proves a prisoner's failure to exhaust. See id. at 1166. Specifically, "the defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Id. at 1172. If the defendant carries that burden, "the prisoner has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. If the undisputed evidence viewed in the light most favorable to the prisoner demonstrates a failure to exhaust, the court should grant

3

1   defendant's motion for summary judgment.  Id. at 1166.  On the other hand, if there are material

2   facts in dispute, the court should deny defendant's motion summary judgment.  Id.

3                    **DEFENDANTS' STATEMENT OF UNDISPUTED FACTS AND EVIDENCE**

4           In support of the pending motion for summary judgment based upon petitioner's alleged

5   failure to exhaust administrative remedies prior to filing suit, defense counsel submitted a

6   statement of undisputed facts supported by citations to plaintiff's second amended complaint,

7   plaintiff's responses to defendants' discovery requests, and declarations signed under penalty of

8   perjury by Appeals Coordinator D. Clark and Acting Chief of the Office of Appeals M. Voong.

9   Attached to Clark and Voong's declarations are copies of plaintiff's relevant inmate appeals and

10  prison officials' responses thereto.  The evidence submitted by defense counsel in support of the

11  pending motion for summary judgment establishes the following.

12          Plaintiff is a state prisoner in the custody of the California Department of Corrections and

13  Rehabilitation ("CDCR").  At all relevant times to this lawsuit, plaintiff was incarcerated at High

14  Desert State Prison ("HDSP") in Susanville, California.  On August 14, 2014, plaintiff filed his

15  second amended complaint in this action.  The court screened the complaint and found that it

16  appeared to state a cognizable claim against defendant Rodriguez for interference with the right to

17  marry.  Specifically, plaintiff claims in his complaint that defendant Rodriguez violated his First

18  Amendment right to marry by refusing to process his marriage application that his fiancé Aurielle

19  Walton submitted to the institution.  The court also found that plaintiff's complaint appeared to

20  state a cognizable claim against defendant Thompson for retaliation.  Specifically, plaintiff claims

21  that defendant Thompson retaliated against him by lodging disciplinary charges against him for

22  falsifying CDCR 602 grievances.  (Defs.' SUDF 1-4, Pl.'s Sec. Am. Compl., Screening Order

23  (August 14, 2014).)

24          On November 20, 2013, plaintiff submitted Appeal Log No. HDSP-C-13-03602 to prison

25  officials at HDSP.  Therein, he asked for the "status of his marriage application."  The appeal

26  explained that his fiancée sent in a marriage application on October 17, 2013, and that she had left

27  several messages "on the marriage coordinator's phone" but had not heard back.  In response to

28  this appeal, Sergeant Rodriguez interviewed plaintiff on January 8, 2014, and informed him that

                                                    4

1  his marriage application was complete and that a wedding date had been set.  Prison officials

2  granted plaintiff's Appeal Log. No. HDSP-C-13-03602 at the first level.  According to plaintiff,

3  Appeal Log No. HDSP-C-13-03602 exhausted his administrative remedies related to his right to

4  marry allegations against defendant Rodriguez.  Plaintiff submitted several other unrelated

5  appeals to prison officials in 2013 and 2014.  (Defs.' SUDF 13-17, Clark Decl. Exs. A-D,

6  Doering Decl. Ex. B at 2-3, Voong Decl. Exs. A & B.)

7       On May 26, 2014, plaintiff submitted Appeal Log No. HDSP-C-14-01693 asking for

8  unnamed staff to be reprimanded for endangering his safety by placing him in a cell with a

9  mentally unstable inmate.  Plaintiff explained that on May 23, 2013, an unnamed third watch

10  Sergeant forced him to accept an inmate who was homicidal and suicidal.  Plaintiff also stated

11  that two unnamed officers told him that he had to take the cellmate because he had been

12  previously written up for falsification of a staff complaint.  Plaintiff believed he was assigned this

13  cellmate in retaliation for litigation against prison staff.  Prison officials partially granted Appeal

14  Log No. HDSP-C-14-01693 at the first level of review insofar as plaintiff requested not to be

15  placed with the homicidal/suicidal inmate.  Plaintiff did not submit Appeal Log No. HDSP-C-14-

16  01693 to the second level for review.  According to plaintiff, Appeal Log No. HDSP-C-14-01693

17  exhausted his administrative remedies as to his retaliation claim against defendant Thompson.

18  Plaintiff submitted several other unrelated appeals to prison officials in 2013 and 2014.  (Defs.'

19  SUDF 18-22, Clark Decl. Exs. A-F, Doering Decl. Ex. B, Voong Decl. Exs. A & B.)

20                                              **ANALYSIS**

21       In the pending motion for summary judgment, defense counsel argues that plaintiff failed

22  to properly exhaust his administrative remedies prior to filing suit.  (Defs.' Mem. of P. & A. at 5-

23  10.)  Specifically, counsel argues that plaintiff failed to identify the defendants in his inmate

24  appeals as required, and he failed to include facts in his inmate appeals to put prison officials on

25  notice of the claims he now asserts against defendants in this civil rights action.  (Id.)  The court

26  addresses defense counsel's arguments with respect to each of plaintiff's claims in turn.

27       First, with respect to plaintiff's right to marry claim, the court finds that plaintiff properly

28  exhausted this claim with Appeal Log. No. HDSP-C-13-03602.  As an initial matter, the parties

do not dispute that plaintiff submitted Appeal Log. No. HDSP-C-13-03602 to prison officials

asking for the status of his marriage application. In the appeal, plaintiff wrote:

> On October 17th my fiancée sent in a marriage application. She has left several messages on the marriage coordinators phone seeking information into the status of the approval process. I have sent a request but we havent [sic] received any response.

(Clark Decl. Ex. D.) Defendant Rodriguez interviewed plaintiff in connection with the appeal

and told him that his marriage application was complete and prison officials had set a wedding

date. (Id.) On January 8, 2014, Associate Warden St. Andre granted plaintiff's appeal. (Id.)

Contrary to defense counsel's argument, plaintiff's failure to name defendant Rodriguez

in Appeal Log. No. HDSP-C-13-03602 is not dispositive on the issue of exhaustion in this case.

Cal. Code Regs. tit. 15, § 3084.2(a)(3) provides:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

Cal. Code Regs. tit. 15, § 3084.2

Although plaintiff did not name defendant Rodriguez in his appeal, he identified the

marriage coordinators at HDSP as the individuals involved with his complaint. In this regard, the

undersigned finds that plaintiff provided sufficient information to "assist the appeals coordinator

in making a reasonable attempt to identify the staff member(s) in question" in accordance with

Section 3084.2(a)(3).

In addition, this court disagrees with defense counsel's narrow reading of Appeal Log.

No. HDSP-C-13-03602 and finds that plaintiff provided prison officials with sufficient

information in his appeal to alert the prison of the nature of the wrong for which he sought

redress. See McCollum v. Cal. Dep't of Corrs. & Rehab., 647 F.3d 870, 876 (9th Cir. 2011). As

described above, in Appeal Log. No. HDSP-C-13-03602, plaintiff complained that his fiancée

1  had sent their marriage application to the prison, and both he and his fiancée had requested but

2  had not received a response from prison officials about the application.  (Clark Decl. Ex. D.)  He

3  asked prison officials to inform him of the status of his marriage application as soon as possible.

4  (Id.)  These allegations "provide enough information . . . to allow prison officials to take

5  appropriate responsive measures" and are sufficient to satisfy the exhaustion requirement.  See

6  Griffin v. Arpaio, 557 F.3d 1117, 1121 (9th Cir. 2009).  Indeed, the Ninth Circuit has made clear

7  that a prisoner does not need to allege every fact necessary to state or prove a legal claim in his

8  inmate appeal.  Id. at 1120.

9        Accordingly, for all of the foregoing reasons, the undersigned finds that defendants have

10  not carried their burden of proving that plaintiff failed to exhaust his First Amendment right-to-

11  marry claim, and therefore, defendants are not entitled to summary judgment on the claim.

12        Turning now to plaintiff's retaliation claim against defendant Thompson, the court finds

13  that plaintiff failed to properly exhaust his claim with Appeal Log. No. HDSP-C-13-03602.  As

14  an initial matter, the parties do not dispute that plaintiff submitted Appeal Log No. HDSP-C-14-

15  01693 and asked for unnamed staff to be reprimanded for endangering his safety by placing him

16  with a mentally unstable inmate.  (Clark Decl. Ex. F.)  Plaintiff explained that two officers told

17  him he had to accept the cellmate "because I had been written up for falsification of documents

18  specifically a staff complaint."  (Id.)  Plaintiff stated "I believe this action was taken against me as

19  retaliation for me litigating against staff."  (Id.)  On June 15, 2014, Associate Warden Wagner

20  partially granted plaintiff's appeal and explained that prison officials would not place plaintiff in

21  a cell with an inmate requesting protective custody.  (Id.)  Associate Warden Wagner informed

22  plaintiff that if he was not satisfied with the decision he could appeal to the second level of

23  review.  (Id.)  Plaintiff did not pursue the appeal further.  (Clark Decl. Ex. A.)

24        This court finds persuasive defense counsel's argument that Appeal Log. No. HDSP-C-

25  14-01693 does not serve to exhaust plaintiff's retaliation claim against defendant Thompson.

26  Specifically, in Appeal Log. No. HDSP-C-14-01693, plaintiff failed to identify defendant

27  Thompson as the staff person involved in his complaint, and he failed to provide the appeals

28  coordinator with sufficient information to make a reasonable attempt to identify the defendant as

7

1  required by Cal. Code Regs. tit. 15, § 3084.2(a)(3). (Clark Decl. Ex. F.) Moreover, in Appeal

2  Log. No. HDSP-C-14-01693, plaintiff complained about retaliation in the form of being placed in

3  a cell with a homicidal and suicidal inmate. He did not complain about defendant Thompson

4  retaliating against him by lodging disciplinary charges against him. (Id.) In this regard, this court

5  finds that plaintiff's allegations in Appeal Log. No. HDSP-C-14-01693 are not enough to satisfy

6  the exhaustion requirement for the retaliation claim he now asserts in this civil rights action. See

7  McCollum, 647 F.3d at 876. Finally, although plaintiff submitted other inmate appeals during the

8  relevant time period, none of them serve to exhaust his retaliation claim against defendant

9  Thompson because these appeals were unrelated to plaintiff's allegations against the defendant.

10  (Clark Decl. Exs. A-C & E, Voong Decl. Exs. A & B.)

11       Accordingly, where, as here, the undisputed evidence viewed in the light most favorable

12  to the plaintiff demonstrates that he failed to exhaust his retaliation claim and is not excused from

13  complying with the exhaustion requirement, the undersigned concludes that defendants are

14  entitled to summary judgment on this claim.

15                                         **OTHER MATTERS**

16       Also pending before the court are defendants' evidentiary objections to a declaration of

17  one Gregory Downs that plaintiff filed in support of his opposition to defendants' motion for

18  summary judgment. Defendants have also moved to strike the declaration. Defendants are

19  advised that the court did not rely on the declaration in reaching the findings and

20  recommendations herein, so the court declines to rule defendants' evidentiary objections and will

21  deny defendants' motion to strike as unnecessary.

22                                          **CONCLUSION**

23      IT IS HEREBY ORDERED that:

24      1. Defendants' motion to strike (Doc. No. 32) is denied as unnecessary; and

25      2. The Clerk of the Court is directed to randomly assign a United States District Judge to

26  this action.

27  /////

28  /////

8

1      IT IS HEREBY RECOMMENDED that:

2      1. The motion for summary judgment filed on behalf of defendants Rodriguez and

3 Thompson be granted in part and denied in part as follow:

4      a. Defendants' motion for summary judgment based on plaintiff's failure to

5      exhaust administrative remedies prior to filing suit as required (Doc. No. 96) be

6      denied with respect to plaintiff's right-to-marry claim against defendant

7      Rodriguez;

8      b. Defendants' motion for summary judgment based on plaintiff's failure to

9      exhaust administrative remedies prior to filing suit as required (Doc. No. 96) be

10      granted with respect to plaintiff's retaliation claim against defendant Thompson;

11      and

12      2. Defendant Thompson be dismissed from this action without prejudice.

13      These findings and recommendations are submitted to the United States District Judge

14 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

15 after being served with these findings and recommendations, any party may file written

16 objections with the court and serve a copy on all parties. Such a document should be captioned

17 "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

18 objections shall be filed and served within seven days after service of the objections. The parties

19 are advised that failure to file objections within the specified time may waive the right to appeal

20 the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

21 Dated: November 10, 2015

22

23 _Kendall J. Newman_
      KENDALL J. NEWMAN
      UNITED STATES MAGISTRATE JUDGE

24

25 shah0454.57fte

26

27

28